# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| SHAWN T. DAMON,<br><br>    Plaintiff,<br><br>vs.<br><br>DIRK SANDEFUR, JOHN PARKER, NEAL P. DUBOIS, MONTANA DEPARTMENT OF CORRECTIONS, CASCADE COUNTY DETENTION CENTER, LAKE COUNTY DETENTION CENTER, SCOTT FOSTER, ADULT PROBATION AND PAROLE, BOB EDWARDS, JOHN STEVENS, JAY DOYLE, JOHN FAIRCHILD, and KAY ANDERSON,<br><br>    Defendants. | Cause No. CV 12-00030-GF-SEH-RKS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## I. SYNOPSIS

Plaintiff Shawn Damon filed an Amended Complaint alleging his Fifth and Fourteenth Amendment Due Process rights were violated when he was held without an arraignment from November 28, 2010 to December 22, 2010. C.D. 8.

After review pursuant to 42 U.S.C. §§ 915(e)(2) and 1915A, the Court finds that Mr. Damon failed to state a claim against Defendants Sandefur, Parker,

1

DuBois, the Montana Department of Corrections, Cascade County Detention Center, Lake County Detention Center, and Kay Anderson. These Defendants are recommended for dismissal. Defendants Foster, Edwards, Stevens, Doyle, and Fairchild must respond to the Amended Complaint.

## II. JURISDICTION

Mr. Damon filed this action in federal court. C.D. 2. The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Amended Complaint states a claim under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Samuel E. Haddon, United States District Judge, and referred to this Court in compliance with Local Rule 73.1(a)(1).

## III. STATUS

A pre-service review of Mr. Damon's original Complaint found that it violated Rule 8 of the Federal Rules of Civil Procedure because it only made general allegations, failed to allege specific facts for each element of his claims, and failed to state with specificity to which defendants each claim applied. It was also determined that Defendants DuBois, the Montana Department of Corrections, the Montana Department of Probation and Parole, the Cascade County Detention

Center, and the Lake County Detention Center should be dismissed.

Mr. Damon was granted leave to amend his Complaint as to the remaining Defendants. C.D. 4. He filed an Amended Complaint. C.D. 8. The Amended Complaint alleges due process violations and ineffective assistance of counsel against the same defendants named in the original complaint and five additional defendants. The additional defendants are: Cascade County Sheriff Bob Edwards, Cascade County Undersheriff John Stevens, Lake County Sheriff Jay Doyle, Lake County Undersheriff John Fairchild, and Probation and Parole Officer Kay Anderson.

Mr. Damon is a prisoner proceeding in forma pauperis. C.D. 2. His Amended Complaint must be reviewed before it is served on the Defendants to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915, 1915A. If so, the Amended Complaint must be dismissed. 28 U.S.C. § 1915(e)(2). This is the pre-service review.

## IV. STANDARDS

**A. Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A

3

complaint meets that standard when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and must be disregarded. Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Leave to amend**

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend where a plaintiff's proposed amendments would be futile. Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). Leave to amend need not be given if a complaint, as amended, would be subject to dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The court liberally construes pro se pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an

opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

### C. Due Process

To state a claim under 42 U.S.C. § 1983 for procedural due process violations, a plaintiff must allege that the state deprived him of a constitutionally protected interest in life, liberty, or property without due process of law. Zinermon v. Burch, 494 U.S. 113, 125. (1990). A protected liberty interest could arise either from the Due Process Clause itself or state laws. Hewitt v. Helms, 459 U.S. 460, 466 (1983). In order to create such a liberty interest a state law must: (1) set forth decision-making criteria that limit officials discretion, and (2) contain explicitly mandatory language. Kent. Dep't. Of Corrections v. Thompson, 490 U.S. 454, 462 (1989).

## V. FACTS

For purposes of this review, the non-conclusory allegations from Mr. Damon's Amended Complaint, set forth below, are taken as true.

On August 21, 2012, Defendant Scott Foster "issued a warrant" for Mr. Damon's arrest for absconding. There was also a warrant for Mr. Damon's arrest for misdemeanor theft. On November 28, 2010, Mr. Damon was arrested by Lake County Sheriff's deputies. Mr. Damon was held without an arraignment or an

initial appearance in the Lake County Detention Center from November 28, 2010 to December 15, 2010.  On December 15, 2010, Mr. Damon was transferred from Lake County to the Cascade County Detention Center.  Mr. Damon was held in the Cascade County Detention Center from December 15, 2010 to December 22, 2010 without an arraignment or initial appearance on a "no hold bond."  On December 22, 2010, Mr. Damon learned that the "no bond hold" was lifted.  He posted $500.00 bail on the misdemeanor theft charge and was apparently released from custody.

## VI. ANALYSIS

For the reasons set forth in the Court's prior Order, Defendants Neal DuBois, the Montana Department of Corrections, the Montana Department of Probation and Parole, the Lake County Detention Center, and the Cascade County Detention Center are recommended for dismissal.  C.D. 4.  All claims against Mr. DuBois, Mr. Damon's counsel, should be dismissed, as should the claims of ineffective assistance of counsel.

In addition, Mr. Damon did not cure the defects with regard to his allegations against Judge Sandefur and Mr. Parker.  The Amended Complaint does not allege that Judge Sandefur acted outside his judicial capacity or in the complete absence of all jurisdiction.  Mireles v. Waco, 502 U.S. 9, 11-12 (1991).  Judge

6

Sandefur is entitled to judicial immunity. Similarly, as the acts alleged to have been done by Defendant John Parker were done in association with his duties as a prosecutor, he is entitled to absolute prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). These Defendants should be dismissed.

Mr. Damon brought allegations against Defendants Ferriter and Anderson as supervisory officials. Mr. Damon alleges Director Ferriter is the head of the Department of Corrections and therefore oversees the Probation and Parole Department. In that position, Mr. Damon alleges Mr. Ferriter had to investigate the reason behind Mr. Foster issuing the warrant for a no bail hold. Similarly, he alleges Ms. Anderson was Mr. Foster's supervisor and failed to oversee Mr. Foster. These allegations are insufficient to state a claim for relief.

"[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Starr v. Baca, 652 F.3d 1202 (9th Cir. 2011). A defendant cannot be held liable under § 1983 just because they supervise other employees. Monell, 436 U.S. at 691-94. Instead, supervising officers can be held liable "only if they play an affirmative part in the alleged deprivation of constitutional rights." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).

Allegations against supervisors which resemble "bald" and "conclusory" allegations must be dismissed. Hydrick v. Hunter, 669 F.3d 937 (9th Cir. 2012). Allegations that a supervisory defendant had personal knowledge of a constitutional violation will be insufficient without "specific allegations regarding each Defendant's purported knowledge" of the violation. Hydrick, 669 F.3d at 942. Mr. Damon does not allege that Defendant Ferriter or Anderson had personal knowledge of any constitutional violation. Mr. Damon was informed in the Court's prior Order that he had to provide specific facts regarding the actions of each Defendant and he failed to do so. His allegations against Defendants Ferriter and Anderson are conclusory and without factual support. These Defendants should be dismissed.

The remaining Defendants must respond to Mr. Damon's due process claims. Under Montana law, a probation or parole officer may authorize a detention center to hold a probationer without bail for 72 hours. Thereafter, the probation officer "shall" release the probationer, hold an intervention hearing pursuant to Mont. Code Ann. § 46-23-1015, or arrange for a magistrate to set bail. Mont. Code Ann. 46-1012. The mandatory language in that statute suggests Mr. Damon may have had a liberty interest which he contends he was deprived of without due process. This is sufficient to state a procedural due process claim

against Defendants Foster, Edwards, Stevens, Doyle, and Fairchild.

## VI. CONCLUSION

Defendants Neal DuBois, the Montana Department of Corrections, the Montana Department of Probation and Parole, the Lake County Detention Center, the Cascade County Detention Center, Judge Dirk Sandefur, John Parker, Michael Ferriter, and Kay Anderson should be dismissed for the reasons set forth above. Mr. Damon's Complaint states a procedural due process claim against Defendants Foster, Edwards, Stevens, Doyle, and Fairchild. The matter will be served upon these Defendants and they must file a responsive pleading.

It is **ORDERED**:

1. Pursuant to Fed.R.Civ.P. 4(d), Defendants Foster, Edwards, Stevens, Doyle, and Fairchild are requested to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If these Defendants choose to return the Waiver of Service of Summons, the answer or appropriate motion will be due within <u>60 days after the entry date of this Order</u> as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

2. The Clerk of Court shall forward the documents listed below to:

9

| | |
|---|---|
| Scott Foster<br>Great Falls Probation and Parole<br>219 5th Street South, Suite A<br>Great Falls, MT  59405 | Sheriff Bob Edwards<br>Undersheriff John Stevens<br>Cascade County Sheriff's Office<br>3800 Ulm North Frontage Road<br>Great Falls, MT  59405 |
| Legal Counsel for the<br>Montana Department of Corrections<br>P.O. Box 201301<br>Helena, MT 59620-1301 | Sheriff Jay Doyle<br>Undersheriff John Fairchild<br>Lake County Sheriff's Office<br>106 4th Avenue East<br>Polson, MT  59860 |

* Complaint C.D. 2;
* August 1, 2012 Order C.D. 4;
* Amended Complaint C.D. 8;
* this Order;
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing

party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Mr. Damon <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6. At all times during the pendency of this action, Mr. Damon SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

Defendants Sandefur, Parker, DuBois, the Montana Department of Corrections, Cascade County Detention Center, Lake County Detention Center, and Kay Anderson should be dismissed.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Damon may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Damon files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Damon from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made but the judge is not required to consider new evidence. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 10th day of December, 2012.

                                       /s/ Keith Strong
                                       Keith Strong
                                       United States Magistrate Judge

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:
Scott Foster
Great Falls Probation and Parole
219 5th Street South, Suite A
Great Falls, MT 59405

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

Sheriff Bob Edwards
Undersheriff John Stevens
Cascade County Sheriff's Office
3800 Ulm North Frontage Road
Great Falls, MT 59405

Sheriff Jay Doyle
Undersheriff John Fairchild
Lake County Sheriff's Office
106 4th Avenue East
Polson, MT 59860

A lawsuit has been commenced by a pro se plaintiff against Scott Foster, Bob Edwards, John Stevens, Jay Doyle, and John Fairchild. A copy the Amended Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-12-30-GF-SEH-RKS. The Court has completed its pre-screening and concludes these Defendants must file a responsive pleading. See 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion within 60 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on

the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

          */s/ Keith Strong*
Keith Strong
United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

     The following Defendants acknowledge receipt of your request that they waive service of summons in the following action:  <u>Damon v. Foster, et al.</u>, Civil Action No. CV-12-30-GF-SEH-RKS filed in the United States District Court for the District of Montana.  Defendants also received a copy of the Amended Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

     The above-named Defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named Defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

     I decline to waive service on behalf of the following Defendants:

_____; _____;

_____; _____;

_____; _____;

_____     _____
DATE                                      SIGNATURE

                                                 _____
                                                 PRINTED/TYPED NAME

                                                 _____

                                                 _____
                                                 ADDRESS